IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WARREN D. WAMSLEY,

    Petitioner,

vs.    Civil Action No. 2:07CV41
(Maxwell)

DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL CENTER,

    Respondent.

## ORDER

It will be remembered that the above-styled civil action was instituted on May 21, 2007, when *pro se* Petitioner Warren D. Wamsley filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

It will further be remembered that the above-styled civil action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation, pursuant to Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

By Order entered September 27, 2007, Magistrate Judge Seibert indicated that he had conducted a preliminary review of the file and had determined that summary dismissal was not appropriate at that time. Accordingly, Magistrate Judge Seibert's September 27, 2007, Order directed the Respondent to show cause why the Petitioner's § 2254 Petition should not be granted.

The Respondent's Answer was filed on December 18, 2007, along with a Motion For Summary Judgment and a Memorandum of Law in Support thereof.

The Petitioner's Reply to the Respondent's Answer and Motion For Summary

Judgment was filed on January 24, 2008.

On June 23, 2008, United States Magistrate Judge James E. Seibert filed a Report And Recommendation in the above-styled civil action, wherein he recommended that the Respondent's Motion For Summary Judgment be granted in part and denied in part and that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be granted only as to Ground 10 (as raised in his state habeas appeal).

Magistrate Judge Seibert's Report And Recommendation expressly advised the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections to said Report And Recommendation within ten days after being served with a copy of the same.

On June 30, 2008, the Petitioner filed a Motion For Extension Of Time To File An Objection To The Report And Recommendation Entered On 23 June 2008, and Request For Clarification As To The Recommended Relief As To Ground 10, Of The Habeas Petition. Thereafter, on July 8, 2008, the Petitioner filed his Objections To Magistrate Judge Seibert's June 23, 2008, Report And Recommendation.

Insofar as the Petitioner's Objections To Magistrate Judge Seibert's June 23, 2008, Report And Recommendation have been received and considered by the Court, it is

**ORDERED** that the Petitioner's Motion For Extension Of Time To File An Objection To The Report And Recommendation Entered On 23 June 2008, and Request For Clarification As To The Recommended Relief As To Ground 10, Of The Habeas Petition (Docket No. 56) be, and the same is hereby, **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review

of those portions of Magistrate Judge Seibert's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of Magistrate Judge Seibert as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1980); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). As previously noted, the Petitioner timely filed his Objections to Magistrate Judge Seibert's Report And Recommendation on July 8, 2008. Accordingly, this Court has conducted a *de novo* review only as to the portions of the Report And Recommendation to which the Petitioner objected. The remaining portions of the Report And Recommendation to which the Petitioner did not object were reviewed for clear error.

Upon examination of Magistrate Judge Seibert's Report And Recommendation, it appears to the Court that the issues raised by the Petitioner in his Objections were thoroughly considered by Magistrate Judge Seibert in his Report And Recommendation. Moreover, the Court is of the opinion that Magistrate Judge Seibert's Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil action. Therefore, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on June 23, 2008 (Docket No. 55), be, and the same hereby is, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion For Summary Judgment (Docket No. 17) be, and the same is hereby, **GRANTED IN PART** and **DENIED IN PART**. It is

further

**ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1), be, and the same is hereby, **GRANTED solely with regard to Ground 10 (as raised in the Petitioner's state habeas appeal) and as discussed as Ground 10(ii) on pages 39 and 40 of Magistrate Judge Seibert's Report And Recommendation.** In this regard, the Court specifically finds that, by using the definition of "sexual contact" from the W. Va. Code § 61-8B-1(b), as amended in 1984, in its instruction on Count 5 of the Indictment, the Circuit Court of Webster County, West Virginia, violated ex post facto principles by retroactively altering the definition of first degree sexual assault as it was charged in Count 5 of the Indictment and, thereby, altering the elements of that offense.

Consequently, the Court **ISSUES** a writ of habeas corpus; **VACATES** the Petitioner's conviction on Count 5 of the Indictment; and **REMANDS** This case to the Circuit Court of Webster County, West Virginia, for further proceedings.

It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of

Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the Petitioner; to counsel of record; and to the Clerk of the Circuit Court of Webster County, West Virginia.

**ENTER:** August 8th, 2008

                                                                    United States District Judge